UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- X

ARLENE QUINONES,

                    Plaintiff,

      - against -

FIRST UNUM LIFE INSURANCE
COMPANY,

                 Defendant.

------------------------------------------------- X

**OPINION AND ORDER**

**10 Civ. 8444 (SAS)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/4/11

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

Pursuant to the Employee Retirement Income Security Act ("ERISA"),[1] Arlene Quinones ("Quinones") brings this action in connection with an employee benefit plan (the "Plan") administered by First Unum Life Insurance Company ("Unum").  Quinones moves to compel discovery outside the administrative record on the basis of Unum's alleged conflict of interest in evaluating her claim for long term disability ("LTD") benefits.  For the following reasons, Quinones's letter motion to compel discovery is denied.

## II.    BACKGROUND

---

[1]    *See* 29 U.S.C. § 10001 *et seq.*

1

Quinones alleges that she has been profoundly disabled since 2006, and that Unum wrongfully denied her claim for LTD benefits under the Plan. She seeks discovery to investigate whether the review of her claim may have been tainted by a conflict of interest.

According to her moving letter, Quinones is pursuing two sets of documents. *First*, she seeks "a copy of the claims procedures used to decide her appeal." *Second*, she seeks "the identity of every medical and/or health care professional that Unum had review . . . her LTD Application." As part of this request, Quinones also seeks (a) "a statement regarding why Unum determined that review by this person was appropriate;" (b) "the person's employment status and qualifications," (c) "information regarding how often that person rendered an opinion on an application for long term disability benefits for Unum;" and (d) data on "how often [that person] found that the claimant was not disabled or found capable of sedentary work."

In its opposition letter, Unum agreed to provide a copy of the claims manual that was in effect while Quinones's claim was in the appeals process. Unum also indicated that the administrative record plainly sets forth the identity of every medical professional that reviewed Quinones's claim, and that it would be willing to produce the resumes of these individuals to the extent that Unum has

access to these documents.  Unum retains an objection only to Quinones's demand for information regarding how often the medical professionals rendered an opinion for Unum on an application for LTD benefits, and how often their individual reviews resulted in a denial of benefits under the Plan.

## III.   APPLICABLE LAW

### A.   Standard of Review

Although a determination of the standard of review is premature at this stage in the litigation, a discussion of the possible standards is instructive in establishing the scope of discovery.[2]  A denial of benefits under ERISA "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary the discretionary authority to determine eligibility for benefits or to construe the terms of the plan."[3]  Where the benefit plan grants the administrator discretionary authority, "the standard governing the district court's review is the

---

[2]     *See Trussel v. CIGNA Life Ins. Co. of New* York, 552 F. Supp. 2d 387, 389-390 (S.D.N.Y. 2008) (SAS).  *See also Anderson v. Sotheby's Inc. Severance Plan*, No. 04 Civ. 8180, 2005 WL 6567123, at *4 (S.D.N.Y. May 13, 2005) (SAS) (DFE) ("An eventual ruling on the standard of judicial review may affect the extent to which a district court may consider documents outside the administrative record.").

[3]     *Firestone Tire & Rubber Co v. Bruch*, 489 U.S. 101, 115 (1989).

arbitrary-and-capricious standard."[4]  Under this deferential standard of review, "a court may not overturn the administrator's denial of benefits unless its actions are found to be . . . without reason, unsupported by substantial evidence or erroneous as a matter of law."[5]

Although district courts are usually limited to the administrative record when conducting a deferential review, discovery may be warranted where evidence outside the record is relevant for purposes other than assessing the "reasonableness of the plan administrators' decision."[6]  For example, courts "in this circuit have allowed discovery of evidence outside of the administrative record on issues such as . . . whether the administrator of the plan had a conflict of

---

[4]     *Pepe v. Newspaper & Mail Deliveries'-Publishers' Pension Fund*, 559 F.3d 140, 146 (2d Cir. 2009) (citation omitted).  *Accord Durakovic v. Building Serv. 32 BJ Pension Fund*, 609 F.3d 133, 138 n.2 (2d Cir. 2010) ("[T]he district court conducts arbitrary-and-capricious review of ERISA-fund administrators' discretionary decisions." (citations omitted)).

[5]     *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 133 (2d Cir. 2008) (quotation marks and citation omitted).

[6]     *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 174 (2d Cir. 2001). *Accord Schalit v. CIGNA Life Ins. Co. of New York*, No. 07 Civ. 0476, 2007 WL 2040587, at *2 (S.D.N.Y. July 12, 2007) ("[S]ome limited discovery can be used, even under an arbitrary and capricious review, to test whether the administrative claim record before the court is accurate and complete and to explain, where necessary, its meaning." (quotation marks and citation omitted)).

interest."[7]

## B.    The Good Cause Requirement

The discretionary decision to admit evidence beyond the administrative record "ought not to be exercised without good cause."[8]  However, at the discovery stage, the plaintiff need not "make a full good cause showing, but must show a reasonable chance that the requested discovery will satisfy the good cause requirement."[9]  In *Anderson v. Sotheby's Inc. Severance Plan*, Magistrate Judge Douglas F. Eaton explained this less-than-good-cause requirement, stating, "If a plaintiff were forced to make a full good cause showing just to obtain discovery, then he would be faced with a vicious circle:  To obtain discovery, he would need to make a showing, that in many cases, could be satisfied only with the help of discovery."[10]  The good cause standard required to obtain evidence beyond

---

[7]     *Mitchell v. First Reliance Standard Life Ins. Co.*, 237 F.R.D. 50, 53 (S.D.N.Y. 2006) (collecting cases). *Accord Asuncion v. Metropolitan Life Ins. Co.*, 493 F. Supp. 2d 716, 722 (S.D.N.Y. 2007) ("Plaintiff [is] entitled to some limited discovery of facts not contained in the administrative record" because such discovery is "sought to establish a conflict of interest.").

[8]     *DeFelice v. American Int'l Life Assurance Co. of New York*, 112 F.3d 61, 66 (2d Cir. 1997).

[9]     *Yasinoski v. Connecticut General Life Ins. Co. et al.*, No. 07 Civ. 2573, 2009 WL 3254929, at *5 (E.D.N.Y. Sept. 30, 2009) (quotation marks and citation omitted).

[10]     *Anderson,* 2005 WL 6567123, at *6.

the administrative record is therefore less stringent than when requesting that the court consider such evidence in its final determination.[11]

## IV.   DISCUSSION

The relevant question for purposes of Quinones's motion is whether there is a reasonable chance that the requested discovery will satisfy the good cause requirement.  Quinones argues that discovery is warranted to investigate whether the plan administrator and reviewing physicians were tainted by a conflict of interest.  In support of her claim, Quinones asserts: (1) that Unum "completely ignore[d] the extensive medical evidence submitted and the consistent opinions of [her] treating physicians;" (2) that Unum "misconstrue[d] the Social Security Administration's fully favorable decision finding that [she] had less than sedentary physical capacity;" and (3) that Unum has a history of biased claims administration.

Quinones argues that each of these factors demonstrates a conflict of interest, but does not provide "any specific factual allegations of the need to consider additional evidence outside of the record."[12]  Instead, she offers only

_____

[11]      *See Baird v. Prudential Ins. Co. of America*, No. 09 Civ. 7898, 2010 WL 3743839, at *8 (S.D.N.Y. Sept. 24, 2010).

[12]      *Schalit*, 2007 WL 2040587, at *3 (denying general discovery outside the administrative record where plaintiff did not provide any specific factual allegations to support his request and allowing limited discovery only for purposes

conclusory statements that indicate her disagreement with Unum's assessment of her disability claims. For example, she notes, without more, that the reviewing physicians "completely disregarded" the opinions of her examining physicians and the disability finding by the Social Security Administration ("SSA"), and that "[i]n light of the extensive medical records submitted, the [reviewing physicians'] assessment is highly suspect, unreasonable and suggests a conflict of interest." However, the administrative record reveals that the reviewing physicians did consider the findings of the SSA and her examining physicians. That they ultimately arrived at a different disability determination does not render their decision arbitrary and capricious.[13] Nor can Quinones summarily discount Unum's medical reviews by alleging a conflict of interest based on Unum's purported history of biased claims discrimination. Even if Quinones had offered sufficient proof to indicate that Unum has acted improperly in the past, such conduct would

---

of determining whether the administrative record was complete).

[13]      *See Baird*, 2010 WL 3743839, at *10. *See also Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 825 (2003) ("ERISA . . . do[es] not command plan administrators to credit the opinions of treating physicians over other evidence relevant to the claimant's medical condition."); *Yasinoski*, 2009 WL 3254929, at *9 ("It is well-established that a plan administrator is not bound by the determination of the Social Security Administration.") (quotation marks and citation omitted).

not effect discovery considerations at this stage of the litigation.[14]  Rather, a history of biased claims administration would effect the weight accorded to the conflict of interest and the ultimate standard of review used by the Court in evaluating the administrator's decision.[15]

It is well-established that the mere appearance of a conflict alone is insufficient to meet the reasonable chance standard.[16]  Rather, a plaintiff seeking discovery on the basis of an alleged conflict of interest must demonstrate "specific examples from the administrative record showing that [the plan administrator] exerted improper influence over Plaintiff's treating physician or other review

---

[14]  Indeed, Quinones is not seeking discovery for the purpose of investigating whether Unum has acted improperly in determining other claimants' eligibility for benefits.  To the contrary, she asserts that she already has this information and that "[t]he purpose of the discovery requested is to reveal the extent of conflict of interest in order to aid the Court in its standard of review, specifically, how much deference the Court should afford the administrator's decision."  2/15/11 Plaintiff's Reply Letter in Support of Discovery at 2.

[15]  *See, e.g., Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 117 (2008) ("The conflict of interest at issue . . . should prove more important . . . where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration.").

[16]  *See, e.g., Yasinoski*, 2009 WL 3254929, at *11 ("[F]or the court to grant permission to take . . . discovery outside the administrative record, the moving party must show more than a mere allegation of the existence of a conflict of interest."); *Rubino v. Aetna Life Ins. Co.*, No. 07 Civ. 377, 2009 WL 910747, at *3 (E.D.N.Y. May 31, 2009) ("[A] party seeking to conduct discovery outside the administrative record must allege more than a mere conflict of interest.").

doctors."[17] Thus, courts have allowed limited discovery only where the purported conflict of interest is based on allegations pertaining to questionable incentive structures or a prior relationship between the plan administrator and the reviewing doctors.[18] Because Quinones offers only conclusory statements of a conflict of interest without any specific supporting evidence of undue influence, she does not demonstrate that there is a reasonable chance that the requested discovery could undermine the propriety of Unum' benefit determinations.

## VI.   CONCLUSION

For the foregoing reasons, Quinones's letter motion to compel discovery is denied.

---

[17]   *Yasinoski*, 2009 WL 3254929, at *11.

[18]   *See, e.g., Burgio v. Prudential Life Ins. Co. of America*, No. 06 Civ. 6793, 2009 WL 3128008, at *6 (E.D.N.Y. Sept. 29, 2009) (finding "enough evidence raised by Plaintiff of a potential conflict of interest to warrant limited discovery outside the administrative record" where Plaintiff alleged that his eligibility for LTD benefits was tied to his continuing eligibility for other employee benefits); *Samedy v. First Unum Life Insurance Company of America*, No. 05 Civ. 1431, 2006 WL 624889, at *2 (E.D.N.Y. Mar. 10, 2006) (granting limited discovery to assess a potential conflict of interest where defendant was both the insurer and the claim administrator and plaintiff provided a declaration from a former employee indicating that defendant pressured its employees to deny claims).

SO ORDERED:

Shira A. Scheindlin
USDJ

Dated:      New York, New York
            March 4, 2011

## - APPEARANCES -

**For Plaintiff:**

Carl E. Person, Esq.
325 W. 45th St., Suite 201
New York, NY 10036
(212) 307-4444

Marc Stanley Whitehead, Esq.
Marc Whitehead & Associates, LLP
5300 Memorial Drive, Suite 725
Houston, TX 77007
(713) 228-8888

**For Defendant:**

Randi Faith Knepper, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street, 17th Floor
Newark, NJ 07102
(973) 993-8100